IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| POWER TOOL SPECIALISTS, INC., <br><br> Plaintiff <br><br> v. <br><br> WMH TOOL GROUP, INC., <br><br> Defendant. | Civil Action No. 04-30103 MAP <br> (KPN) <br><br><br> (Our Docket No. 5038-0040) |
| WMH TOOL GROUP, INC., <br><br> Counter Plaintiff, <br><br> v. <br><br> POWER TOOL SPECIALISTS, INC., <br><br> Counter Defendant, <br> and <br><br> REXON USA, CORP. <br> d/b/a REXON NORTH AMERICA, <br> Third-Party Defendant, <br> and <br><br> REXON INDUSTRIAL CORPORATION, LTD., <br> Third-Party Defendant. | |

**PLAINTIFF/COUNTER DEFENDANT'S ANSWER TO DEFENDANT'S AMENDED ANSWER, COUNTERCLAIM & THIRD PARTY COMPLAINT**

Plaintiff/Counter Defendant Power Tool Specialists, Inc. ("PTS") responds to the allegations of Defendant WMH Tool Group, Inc.'s ("WMH") affirmative defenses and counterclaims, as follows:

60. Plaintiff/Counter Defendant denies the allegations of paragraph 60 of WMH's affirmative defenses.

61. Plaintiff/Counter Defendant denies the allegations of paragraph 61 of WMH's affirmative defenses.

62. Plaintiff/Counter Defendant denies the allegations of paragraph 62 of WMH's affirmative defenses.

63. Plaintiff/Counter Defendant denies the allegations of paragraph 63 of WMH's affirmative defenses.

64. Plaintiff/Counter Defendant denies the allegations of paragraph 64 of WMH's affirmative defenses.

65. Plaintiff/Counter Defendant denies the allegations of paragraph 65 of WMH's affirmative defenses.

66. Plaintiff/Counter Defendant denies the allegations of paragraph 66 of WMH's affirmative defenses.

67. Plaintiff/Counter Defendant denies the allegations of paragraph 67 of WMH's affirmative defenses.

68. Plaintiff/Counter Defendant denies the allegations of paragraph 68 of WMH's affirmative defenses.

69. Plaintiff/Counter Defendant denies the allegations of paragraph 69 of WMH's affirmative defenses.

70. Plaintiff/Counter Defendant denies the allegations of paragraph 70 of WMH's affirmative defenses.

71. Plaintiff/Counter Defendant denies the allegations of paragraph 71 of WMH's affirmative defenses.

72. Plaintiff/Counter Defendant denies the allegations of paragraph 72 of WMH's affirmative defenses.

73. Plaintiff/Counter Defendant denies the allegations of paragraph 73 of WMH's affirmative defenses.

74. Plaintiff/Counter Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 and therefore denies the same.

75. Plaintiff/Counter Defendant admits the allegations of paragraph 75 of WMH's counterclaims.

76. Plaintiff/Counter Defendant admits that this Court has jurisdiction over this action.

77. Plaintiff/Counter Defendant admits that venue is proper.

78. Plaintiff/Counter Defendant admits that it sent a letter to Wilton Corporation dated June 29, 1995. Otherwise denied.

79. Plaintiff/Counter Defendant admits that it received a copy of a "Fax Message" from Ernie Torkilsen of Wilton Corporation to Lawrence Chieng of Himount regarding Plaintiff/Counter Defendant's June 29, 1995 letter. Otherwise denied.

80. Plaintiff/Counter Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 and therefore denies the same.

81. Plaintiff/Counter Defendant admits that it sent a letter to Wilton Corporation dated August 3, 1995. Otherwise denied.

82. Plaintiff/Counter Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 and therefore denies the same.

83. Plaintiff/Counter Defendant admits that it sent a letter to Wilton Corporation dated October 15, 2001. Otherwise denied.

84. Plaintiff/Counter Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84 and therefore denies the same.

85. Plaintiff/Counter Defendant admits that it sent a letter to Wilton Corporation dated December 7, 2001. Otherwise denied.

86. Plaintiff/Counter Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 and therefore denies the same.

87. Plaintiff/Counter Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87 and therefore denies the same.

88. Plaintiff/Counter Defendant hereby adopts and incorporates herein its answers to paragraphs 74-87 of WMH's counterclaims as if fully set forth herein.

89. Plaintiff/Counter Defendant denies the allegations of paragraph 89 of WMH's counterclaims.

90. Plaintiff/Counter Defendant denies the allegations of paragraph 90 of WMH's counterclaims.

91. Plaintiff/Counter Defendant denies the allegations of paragraph 91 of WMH's counterclaims.

92. Plaintiff/Counter Defendant denies the allegations of paragraph 92 of WMH's counterclaims.

93. Plaintiff/Counter Defendant denies the allegations of paragraph 93 of WMH's counterclaims.

94. Plaintiff/Counter Defendant denies the allegations of paragraph 94 of WMH's counterclaims.

95. Plaintiff/Counter Defendant denies the allegations of paragraph 95 of WMH's counterclaims.

96. Plaintiff/Counter Defendant hereby adopts and incorporates herein its answers to paragraphs 74-95 of WMH's counterclaims as if fully set forth herein.

97. Plaintiff/Counter Defendant denies the allegations of paragraph 97 of WMH's counterclaims.

98. Plaintiff/Counter Defendant denies the allegations of paragraph 98 of WMH's counterclaims.

99. Plaintiff/Counter Defendant denies the allegations of paragraph 99 of WMH's counterclaims.

100. Plaintiff/Counter Defendant denies the allegations of paragraph 100 of WMH's counterclaims.

101. Plaintiff/Counter Defendant denies the allegations of paragraph 101 of WMH's counterclaims.

102. Plaintiff/Counter Defendant hereby adopts and incorporates herein its answers to paragraphs 74-101 of WMH's counterclaims as if fully set forth herein.

103. Plaintiff/Counter Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 103 and therefore denies the same.

104. Plaintiff/Counter Defendant denies the allegations of paragraph 104 of WMH's counterclaims.

105. Plaintiff/Counter Defendant denies the allegations of paragraph 105 of WMH's counterclaims.

106. Plaintiff/Counter Defendant denies the allegations of paragraph 106 of WMH's counterclaims.

107. Plaintiff/Counter Defendant denies the allegations of paragraph 107 of WMH's counterclaims.

108. Plaintiff/Counter Defendant hereby adopts and incorporates herein its answers to paragraphs 74-107 of WMH's counterclaims as if fully set forth herein.

109. Plaintiff/Counter Defendant admits the allegations contained in paragraph 109 of WMH's counterclaims.

110. Plaintiff/Counter Defendant admits the allegations contained in paragraph 110 of WMH's counterclaims.

111. Plaintiff/Counter Defendant admits the allegations contained in paragraph 111 of WMH's counterclaims.

112. Plaintiff/Counter Defendant admits the allegations contained in paragraph 112 of WMH's counterclaims.

113. Plaintiff/Counter Defendant denies the allegations of paragraph 113 of WMH's counterclaims.

114. Plaintiff/Counter Defendant admits that the Patent and Trademark Office withdrew its refusal and allowed the application for Registration No. 1,565,504 to proceed to registration. Otherwise denied.

115. Plaintiff/Counter Defendant denies the allegations of paragraph 115 of WMH's counterclaims.

116. Plaintiff/Counter Defendant admits the allegations contained in paragraph 116 of WMH's counterclaims.

117. Plaintiff/Counter Defendant denies the allegations of paragraph 117 of WMH's counterclaims.

118. Plaintiff/Counter Defendant denies the allegations of paragraph 118 of WMH's counterclaims.

119. Plaintiff/Counter Defendant denies the allegations of paragraph 119 of WMH's counterclaims.

120. Plaintiff/Counter Defendant denies the allegations of paragraph 120 of WMH's counterclaims.

121. Plaintiff/Counter Defendant denies the allegations of paragraph 121 of WMH's counterclaims.

122. Plaintiff/Counter Defendant denies the allegations of paragraph 122 of WMH's counterclaims.

123. Plaintiff/Counter Defendant denies the allegations of paragraph 123 of WMH's counterclaims.

124. Plaintiff/Counter Defendant denies the allegations of paragraph 124 of WMH's counterclaims.

125. Plaintiff/Counter Defendant denies the allegations of paragraph 125 of WMH's counterclaims.

126. Plaintiff/Counter Defendant denies the allegations of paragraph 126 of WMH's counterclaims.

127. Plaintiff/Counter Defendant denies the allegations of paragraph 127 of WMH's counterclaims.

128. Plaintiff/Counter Defendant admits the allegations of paragraph 128 of WMH's counterclaims.

129. Plaintiff/Counter Defendant denies the allegations of paragraph 129 of WMH's counterclaims.

130. Plaintiff/Counter Defendant denies the allegations of paragraph 130 of WMH's counterclaims.

131. Plaintiff/Counter Defendant denies the allegations of paragraph 131 of WMH's counterclaims.

132. Plaintiff/Counter Defendant denies the allegations of paragraph 132 of WMH's counterclaims.

133. Plaintiff/Counter Defendant denies the allegations of paragraph 133 of WMH's counterclaims.

134. Plaintiff/Counter Defendant admits the allegations of paragraph 134 of WMH's counterclaims.

135. Plaintiff/Counter Defendant admits the allegations of paragraph 135 of WMH's counterclaims.

136. Plaintiff/Counter Defendant admits it filed a sworn statement claiming first use dates for the mark TRADESMAN as early as February 1, 1987. Otherwise denied.

137. Plaintiff/Counter Defendant admits the allegations of paragraph 137 of WMH's counterclaims.

138. Plaintiff/Counter Defendant admits the allegations of paragraph 138 of WMH's counterclaims.

139. Plaintiff/Counter Defendant denies the allegations of paragraph 139 of WMH's counterclaims.

140. Plaintiff/Counter Defendant admits the allegations of paragraph 140 of WMH's counterclaims.

141. Plaintiff/Counter Defendant denies the allegations of paragraph 141 of WMH's counterclaims.

142. Plaintiff/Counter Defendant denies the allegations of paragraph 142 of WMH's counterclaims.

143. Plaintiff/Counter Defendant denies the allegations of paragraph 143 of WMH's counterclaims.

144. Plaintiff/Counter Defendant denies the allegations of paragraph 144 of WMH's counterclaims.

145. Plaintiff/Counter Defendant denies the allegations of paragraph 145 of WMH's counterclaims.

146. Plaintiff/Counter Defendant denies the allegations of paragraph 146 of WMH's counterclaims.

147. Plaintiff/Counter Defendant denies the allegations of paragraph 147 of WMH's counterclaims.

148. Plaintiff/Counter Defendant denies the allegations of paragraph 148 of WMH's counterclaims.

149. Plaintiff/Counter Defendant denies the allegations of paragraph 149 of WMH's counterclaims.

150. Plaintiff/Counter Defendant denies the allegations of paragraph 150 of WMH's counterclaims.

151. Plaintiff/Counter Defendant denies the allegations of paragraph 151 of WMH's counterclaims.

152. Plaintiff/Counter Defendant admits that PTS submitted a sworn statement pursuant to 18 U.S.C. §1001 upon filing its application for Registration No. 2,205,373. Otherwise denied.

153. Plaintiff/Counter Defendant denies the allegations of paragraph 153 of WMH's counterclaims.

154. Plaintiff/Counter Defendant denies the allegations of paragraph 154 of WMH's counterclaims.

155. Plaintiff/Counter Defendant admits the allegations of paragraph 155 of WMH's counterclaims.

156. Plaintiff/Counter Defendant admits the allegations of paragraph 156 of WMH's counterclaims.

157. Plaintiff/Counter Defendant admits the allegations of paragraph 157 of WMH's counterclaims.

158. Plaintiff/Counter Defendant admits the allegations of paragraph 158 of WMH's counterclaims.

159. Plaintiff/Counter Defendant denies the allegations of paragraph 159 of WMH's counterclaims.

160. Plaintiff/Counter Defendant admits that the Patent and Trademark Office withdrew its refusal and allowed the application for Registration No. 1,565,504 to proceed to registration. Otherwise denied.

161. Plaintiff/Counter Defendant denies the allegations of paragraph 161 of WMH's counterclaims.

162. Plaintiff/Counter Defendant denies the allegations of paragraph 162 of WMH's counterclaims.

163. Plaintiff/Counter Defendant denies the allegations of paragraph 163 of WMH's counterclaims.

164. Plaintiff/Counter Defendant denies the allegations of paragraph 164 of WMH's counterclaims.

165. Plaintiff/Counter Defendant denies the allegations of paragraph 165 of WMH's counterclaims.

166. Plaintiff/Counter Defendant denies the allegations of paragraph 166 of WMH's counterclaims.

167. Plaintiff/Counter Defendant denies the allegations of paragraph 167 of WMH's counterclaims.

168. Plaintiff/Counter Defendant denies the allegations of paragraph 168 of WMH's counterclaims.

169. Plaintiff/Counter Defendant denies the allegations of paragraph 169 of WMH's counterclaims.

170. Plaintiff/Counter Defendant denies the allegations of paragraph 170 of WMH's counterclaims.

171. Plaintiff/Counter Defendant admits the allegations of paragraph 171 of WMH's counterclaims.

172. Plaintiff/Counter Defendant denies the allegations of paragraph 172 of WMH's counterclaims.

173. Plaintiff/Counter Defendant denies the allegations of paragraph 173 of WMH's counterclaims.

174. Plaintiff/Counter Defendant denies the allegations of paragraph 174 of WMH's counterclaims.

175. Plaintiff/Counter Defendant denies the allegations of paragraph 175 of WMH's counterclaims.

176. Plaintiff/Counter Defendant denies the allegations of paragraph 176 of WMH's counterclaims.

177. Plaintiff/Counter Defendant denies the allegations of paragraph 177 of WMH's counterclaims.

178. Plaintiff/Counter Defendant denies the allegations of paragraph 178 of WMH's counterclaims.

179. Plaintiff/Counter Defendant denies the allegations of paragraph 179 of WMH's counterclaims.

Wherefore, PTS prays that WMH be denied all relief requested based on its counterclaims and affirmative defenses.

Respectfully submitted,

Power Tool Specialists, Inc.
By Their Attorney

Date: 12/8, 2004

J. Kevin Grogan
BBO No. 635,089
Kevin H. Vanderleeden
BBO No. 648,361
McCormick, Paulding & Huber LLP
1350 Main Street, 5th Floor
Springfield, Massachusetts 01103
Tel. (413) 736-5401
Fax (413) 733-4543

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was mailed, postage prepaid, this 8 day of Dec., 2004 to all counsel of record for each party.

Kevin H. Vanderleeden, Esq.