UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Waiver of Service of Summons

TO:    Mr. Mark Chen
President
Rexon Industrial Corporation Ltd.
261, Jen Hwa Rd.
Jenhwa Village, Tali City
Taichung Hsien 41249, Taiwan R.O.C.

I acknowledge receipt of your request that Rexon Industrial Corporation Ltd. waive service of summons in the action of *Power Tool Specialists, Inc. v. WMH Tool Group, Inc. / WMH Tool Group, Inc. v. Power Tool Specialists, Inc. and Rexon USA, Corp. d/b/a Rexon North America, and Rexon Industrial Corporation, Ltd.*, which is Civil Action No. 04-30103 MAP (KPN), in the United States District Court for the District of Massachusetts.

I have also received a copy of the Complaint in the action, a copy of the Answer, Counterclaim and Third-Party Complaint in this action, a copy of the Amended Answer, Counterclaim and Third-Party Complaint, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

Rexon Industrial Corporation Ltd. agrees to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that it be served with judicial process in the manner provided by Rule 4.

Rexon Industrial Corporation Ltd. will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of summons.

Rexon Industrial Corporation Ltd. understands that a judgment may be entered against it if an answer or motion under Rule 12 is not served upon WMH Tool Group, Inc. within ninety (90) days of the date of the notice letter (i.e., by February 17, 2005).

| DECEMBER 6, 2004 | | *Mark Chen* (signature) |
|---|---|---|
| (DATE) | | (SIGNATURE) |
| | | MARK CHEN |
| | | (PRINTED/TYPED NAME) |
| As PRESIDENT | of | REXON INDUSTRIAL CORPORATION LTD. |
| (TITLE) | | (CORPORATE DEFENDANT) |

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.