IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| POWER TOOL SPECIALISTS, INC., <br><br> Plaintiff <br><br> v. <br><br> WMH TOOL GROUP, INC., <br><br> Defendant. | Civil Action No. 04-30103 MAP <br> (KPN) <br><br><br> (Our Docket No. 5038-0040) |
| WMH TOOL GROUP, INC., <br><br> Counter Plaintiff, <br><br> v. <br><br> POWER TOOL SPECIALISTS, INC., <br><br> Counter Defendant, <br> and <br><br> REXON USA, CORP. <br> d/b/a REXON NORTH AMERICA, <br> Third-Party Defendant, <br> and <br><br> REXON INDUSTRIAL CORPORATION, LTD., <br> Third-Party Defendant. | |

**THIRD-PARTY DEFENDANT REXON INDUSTRIAL CORPORATION, LTD.'S
ANSWER TO COUNTER PLAINTIFF'S AMENDED THIRD PARTY COMPLAINT**

Third-Party Defendant Rexon Industrial Corporation, Ltd., ("Rexon"), responds to the allegations of Defendant WMH Tool Group, Inc.'s, ("WMH"), amended third-party complaint and counterclaims, as follows:

180. Rexon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 180 and therefore denies the same.

181. Rexon admits the allegations of paragraph 181 of WMH's counterclaims.

182. Rexon admits that Rexon USA, Corp. is a corporation of the Commonwealth of Massachusetts with a principal place of business at 3 Craftsmen Road, East Windsor, Connecticut 06088. Otherwise denied.

183. Rexon admits the allegations in paragraph 183 of WMH's third-party complaint.

184. Rexon denies the allegations in paragraph 184 of WMH's third-party complaint.

185. Rexon denies the allegations in paragraph 185 of WMH's third-party complaint.

186. Rexon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 186 and therefore denies the same.

187. Rexon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 187 and therefore denies the same.

188. Rexon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 188 and therefore denies the same.

189. Rexon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 189 and therefore denies the same.

190. Rexon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 190 and therefore denies the same.

191. Rexon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 191 and therefore denies the same.

192. Rexon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 192 and therefore denies the same.

193. Rexon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 193 and therefore denies the same.

194. Rexon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 194 and therefore denies the same.

195. Rexon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 195 and therefore denies the same.

196. Rexon hereby adopts and incorporates herein its answers to paragraphs 180-195 of WMH's third-party complaint as if fully set forth herein.

197. Rexon denies the allegations in paragraph 197 of WMH's third-party complaint.

198. Rexon denies the allegations in paragraph 198 of WMH's third-party complaint.

199. Rexon denies the allegations in paragraph 199 of WMH's third-party complaint.

200. Rexon denies the allegations in paragraph 200 of WMH's third-party complaint.

201. Rexon denies the allegations in paragraph 201 of WMH's third-party complaint.

202. Rexon denies the allegations in paragraph 202 of WMH's third-party complaint.

203. Rexon denies the allegations in paragraph 203 of WMH's third-party complaint.

204. Rexon hereby adopts and incorporates herein its answers to paragraphs 180-203 of WMH's third-party complaint as if fully set forth herein.

205. Rexon denies the allegations in paragraph 205 of WMH's third-party complaint.

206. Rexon denies the allegations in paragraph 206 of WMH's third-party complaint.

207. Rexon denies the allegations in paragraph 207 of WMH's third-party complaint.

208. Rexon denies the allegations in paragraph 208 of WMH's third-party complaint.

209. Rexon denies the allegations in paragraph 209 of WMH's third-party complaint.

210. Rexon hereby adopts and incorporates herein its answers to paragraphs 180-209 of WMH's third-party complaint as if fully set forth herein.

211. Rexon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 211 and therefore denies the same.

212. Rexon denies the allegations in paragraph 212 of WMH's third-party complaint.

213. Rexon denies the allegations in paragraph 213 of WMH's third-party complaint.

214. Rexon denies the allegations in paragraph 214 of WMH's third-party complaint.

215. Rexon denies the allegations in paragraph 215 of WMH's third-party complaint.

## AFFIRMATIVE DEFENSES

Rexon asserts the following affirmative defense:

216. The Third-Party Complaint filed by WMH Tool Group and each and every claim for relief contained therein fails to adequately state a cause of action upon which relief may be granted.

WHEREFORE, Rexon Industrial Corporation, Ltd. prays that WMH be denied all relief requested based on its amended third-party complaint.

Respectfully submitted,

Rexon Industrial Corporation, Ltd.
By Their Attorney

Date: March 17, 2005

/s/ Kevin H. Vanderleeden
J. Kevin Grogan
BBO No. 635,089
Kevin H. Vanderleeden
BBO No. 648,361
McCormick, Paulding & Huber LLP
1350 Main Street, 5th Floor
Springfield, Massachusetts 01103
Tel. (413) 736-5401
Fax (413) 733-4543

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was mailed, postage prepaid, this 17th day of March, 2005 to all counsel of record for each party.

/s/ Kevin H. Vanderleeden
Kevin H. Vanderleeden, Esq.